921 A.2d 479 (2007)
392 N.J. Super. 514
Freddie B. FRAZIER, Appellant,
v.
NORTHERN STATE PRISON, DEPARTMENT OF CORRECTIONS, Respondent.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 2007.
Decided May 4, 2007.
*480 Robert C. Wolf, argued the cause for appellant (Law Offices of Joseph A. Carmen, attorneys, Haddonfield; Mr. Wolf, on the brief).
Kathleen Asher, Deputy Attorney General, argued the cause for respondent (Stuart Rabner, Attorney General, attorney; Michael J. Haas, Assistant Attorney General, of counsel; Ms. Asher, on the brief).
Before Judges SKILLMAN, HOLSTON, JR. and GRALL.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
A federal statute commonly referred to as the Lautenberg Amendment prohibits any person who has been convicted of a "misdemeanor crime of domestic violence" from possessing any firearm that has been shipped or transported in interstate commerce. 18 U.S.C.A. § 922(g)(9). The question presented by this appeal is whether a simple assault under N.J.S.A. 2C:12-1a(3) constitutes a "misdemeanor crime of domestic violence." We conclude that such an assault, which consists of an "[a]ttempt[] by physical menace to put another in fear of imminent serious bodily injury," N.J.S.A. 2C:12-1a(3), is not a "misdemeanor crime of domestic violence," because it does not "[have], as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon[.]" 18 U.S.C.A. § 921(a)(33)(A)(ii).
Appellant Freddie B. Frazier was employed by respondent Department of Corrections as a senior corrections officer. On May 2, 1998, appellant was arrested on a domestic violence assault charge. After an indictment was returned against him based on this incident, appellant was suspended without pay.
The charges against appellant were resolved by a guilty plea to the disorderly persons offense of simple assault, in violation of N.J.S.A. 2C:12-1a(3). On September 18, 2000, a judgment of conviction was entered, under which appellant received a sentence limited to fines and assessments.
On November 1, 2000, the Department of Corrections filed a preliminary notice of disciplinary action against appellant based on this conviction seeking his removal. On May 10, 2001, the Department filed an amended preliminary notice of disciplinary action, which sought appellant's removal on the basis of "conduct unbecoming an employee," in violation of C11 ("conduct unbecoming an employee") and D23 ("prohibited by law from possessing or using a firearm") under Human Resources Bulletin 84-17, and N.J.A.C. 4A:2-2.3(a)(3) ("inability to perform job duties"). The specification of charges alleged *481 that appellant had pled guilty to simple assault, in violation of N.J.S.A. 2C:12-1a(3), and also stated: "[A]ccording to documentation received from the Division of Criminal Justice dated May 1, 2001, you are prohibited by federal law from possessing a firearm on or off duty and, therefore, cannot work as a law enforcement officer." The May 1, 2001 letter referred to in the specification, which was written by a Deputy Attorney General in the Prosecutor and Police Bureau of the Division of Criminal Justice, stated:
Based upon the information provided by your office that on September 18, 2000 SCO Frazier was found guilty before the Superior Court in Hudson County of domestic violence related simple assault, SCO Frazier is prohibited from possessing a firearm on and off duty. Because of this conviction, SCO Frazier is prohibited by federal law from possessing any firearm.
Based on these charges, appellant was removed from his position as a senior corrections officer, effective June 13, 2001.[1] Appellant appealed his removal to the Merit System Board, which referred the matter to the Office of Administrative Law (OAL) as a contested case.
There was a substantial delay in disposition of the matter before the OAL due first to questions concerning appellant's representation and then appellant's unsuccessful efforts to secure an expungement of his conviction.[2] The case was eventually brought before an Administrative Law Judge (ALJ) on a motion by the Department of Corrections for summary decision.
The ALJ concluded in his initial decision that as a result of his conviction for simple assault, appellant is prohibited from carrying a firearm under the Lautenberg Amendment and therefore is no longer qualified to perform the duties of a senior corrections officer. Accordingly, the ALJ upheld appellant's removal. The Merit System Board adopted the ALJ's recommended decision. This appeal followed.
Since the Merit System Board upheld appellant's removal solely on the ground that he is prohibited by the Lautenberg Amendment from carrying a firearm because of his conviction for simple assault and therefore no longer can perform the duties of a senior corrections officer, this appeal turns entirely on the interpretation of the Lautenberg Amendment.
The Lautenberg Amendment, which was enacted in 1996 as an amendment to the federal Gun Control Act, 28 U.S.C.A. § 921-930, provides in pertinent part:
It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . [to] possess in or affecting commerce, any firearm[.]
[18 U.S.C.A. § 922(g)(9).]
A "misdemeanor crime of domestic violence" is defined as an offense that
(i) is a misdemeanor under Federal, State, or Tribal law; and
(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a *482 child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.
[18 U.S.C.A. § 921(a)(33)(A).]
The Bureau of Alcohol, Tobacco, Firearms and Explosives in the Department of Justice has implemented the Lautenberg Amendment by adoption of an administrative regulation that defines a "misdemeanor crime of domestic violence" in greater detail than the statute, as an offense which:
(1) Is a misdemeanor under Federal or State law or, in States which do not classify offenses as misdemeanors, is an offense punishable by imprisonment for a term of one year or less, and includes offenses that are punishable only by a fine. (This is true whether or not the State statute specifically defines the offense as a "misdemeanor" or as a "misdemeanor crime of domestic violence." . . . )
(2) Has, as an element, the use or attempted use of physical force (e.g., assault and battery), or the threatened use of a deadly weapon; and
(3) Was committed by . . . a person similarly situated to a spouse, parent, or guardian of the victim (e.g., two persons who are residing at the same location in an intimate relationship with the intent to make that place their home would be similarly situated to a spouse).
[27 C.F.R. § 478.11.]
We have previously concluded that the disorderly persons offense of simple assault satisfies the first criterion of a "misdemeanor crime of domestic violence" identified in 27 C.F.R. § 478.11. State v. Wahl, 365 N.J.Super. 356, 373-75, 839 A.2d 120 (App.Div.2004). The third criterion is also satisfied because the victim, appellant's live-in girlfriend, is conceded to have been a cohabitant who was "similarly situated to a spouse." Consequently, the only issue is whether appellant's conviction satisfied the second criterion of 27 C.F.R. § 478.11, that is, whether he was convicted of an offense that "[h]as, as an element, the use or attempted use of physical force (e.g., assault and battery), or the threatened use of a deadly weapon[.]"
Appellant was convicted of a violation of N.J.S.A. 2C:12-1a(3), which provides that a person is guilty of simple assault if he "[a]ttempts by physical menace to put another in fear of imminent serious bodily injury." This offense does not have as an element "the use or attempted use of physical force." Rather, this type of assault may be committed simply by "physical menace" without the actual or attempted use of "physical force." For example, an assailant could violate N.J.S.A. 2C:12-1a(3) by raising a clenched fist in a menacing manner, without hitting or attempting to hit the victim. Moreover, this offense does not have as an element, "the threatened use of a deadly weapon." Therefore, the offense committed by appellant does not satisfy the second criterion for identification of a "misdemeanor crime of domestic violence," as defined in the Lautenberg Amendment and implementing regulation.
The State relies upon Wahl, supra, 365 N.J.Super. 356, 839 A.2d 120, in which we held that simple assault, in violation of N.J.S.A. 2C:12-1a(1), constitutes a "misdemeanor crime of domestic violence" within the intent of the Lautenberg Amendment. However, a person violates N.J.S.A. 2C:12-1a(1) if he "[a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another[.]" Thus, unlike the offense proscribed by N.J.S.A. 2C:12-1a(3), a simple assault under N.J.S.A. *483 2C:12-1a(1) clearly "[h]as, as an element, the use or attempted use of physical force[.]" 18 U.S.C.A. § 921(a)(33)(A)(ii).
The State also argues that the police report of the incident that resulted in the charges against defendant shows appellant repeatedly struck his girlfriend with a closed fist and reached for his gun during the assault. However, under the plain language of the Lautenberg Amendment, a court may only consider whether the subject offense "[h]as, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." 18 U.S.C.A. § 921(a)(33)(A) (emphasis added). A court may not "look . . . to the defendant's underlying acts to determine whether the required elements are present." United States v. Smith, 171 F.3d 617, 620 (8th Cir.1999); see also White v. Dep't of Justice, 328 F.3d 1361, 1364-67 (Fed.Cir.2003); United States v. Shelton, 325 F.3d 553, 557-61 (5th Cir.), cert. denied, 540 U.S. 916, 124 S.Ct. 305, 157 L.Ed.2d 210 (2003), and 543 U.S. 1057, 125 S.Ct. 866, 160 L.Ed.2d 782 (2005); United States v. Kavoukian, 315 F.3d 139, 142-45 (2nd Cir.2002).
Although we conclude that appellant is not prohibited by the Lautenberg Amendment from carrying a firearm as a result of his conviction under N.J.S.A. 2C:12-1a(3) and that the Merit System Board's final decision must be reversed because it was based solely on the Lautenberg Amendment, we recognize that appellant's conviction, and the conduct upon which it was based, may warrant disciplinary action independent of the Lautenberg Amendment. Accordingly, we reverse the Board's final decision and remand the case to the Board for such further disciplinary proceedings as may be appropriate.
NOTES
[1] The record before us does not include the final notice of disciplinary action.
[2] The Department of Corrections argued before the OAL that appellant's alleged representation that he would withdraw his appeal if his petition for expungement was denied constituted a waiver of his right to pursue the matter after the rejection of his petition for expungement. The ALJ rejected this argument, and the Department has not pursued the point on appeal.