NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3099-11T3

```
┌─────────────────────────────┐
│    APPROVED FOR PUBLICATION  │
│                             │
│        March 14, 2014       │
│                             │
│      APPELLATE DIVISION     │
└─────────────────────────────┘
```

IN THE MATTER OF FREDDIE B.
FRAZIER, DEPARTMENT OF
CORRECTIONS.

_____

Argued Telephonically January 24, 2014 —
Decided March 14, 2014

Before Judges Fisher,[1] Koblitz and O'Connor.

On appeal from the Civil Service Commission,
Docket No. 2011-4777.

Mario A. Iavicoli argued the cause for
appellant Freddie B. Frazier.

Donna S. Arons, Deputy Attorney General,
argued the cause for respondent Civil
Service Commission (John J. Hoffman, Acting
Attorney General, attorney; Lewis A.
Scheindlin, Assistant Attorney General, and
Ms. Arons, of counsel; Nicole P. Colon,
Deputy Attorney General, on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

Freddie B. Frazier appeals from a January 11, 2012 final

decision of the Civil Service Commission that removed him from

his position as a Senior Correction Officer because, having been

_____
[1] Judge Fisher did not participate in oral argument.  He joins
the opinion with counsel's consent.  R. 2:13-2(b).

convicted in 2000 of a disorderly persons offense involving domestic violence, he was statutorily prohibited from possessing or carrying a firearm, which is a requirement of his position. We affirm.

This is the thirteenth year of litigation, and third appeal, in this matter. Frazier was arrested in 1999. Although indicted for much more serious crimes[2], he eventually pleaded guilty to simple assault by physical menace, N.J.S.A. 2C:12-1(a)(3). The Department of Corrections (DOC) initially served Frazier with a Preliminary Notice of Disciplinary Action (PNDA) in 2001 based on the Lautenberg Amendment to the federal Gun Control Act, 18 U.S.C.A. § 922(g)(9), which provides that any person convicted of a qualifying domestic violence offense is prohibited pursuant to federal law from possessing a firearm. Frazier was removed from his position, lost his administrative appeals and appealed to us.

Although noting that the "police report of the incident that resulted in the charges . . . shows appellant repeatedly struck his girlfriend with a closed fist and reached for his gun during the assault," we reversed the determination of the Civil Service Commission to remove him from his position because the

---

[2] He was indicted for third-degree theft, N.J.S.A. 2C:20-3 and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

simple assault provision to which Frazier pleaded guilty did not have "'as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon[]' 18 U.S.C.A. § 921(a)(33)(A) . . . ." In re Frazier, 392 N.J. Super. 514, 520 (App. Div. 2007). In the opinion we noted that Frazier acknowledged the incident was one of domestic violence. We stated that

> the victim, appellant's live-in girlfriend, is conceded to have been a cohabitant who was "similarly situated to a spouse." Consequently, the only issue is whether appellant's conviction satisfied the second criterion of 27 C.F.R. § 478.11 [the administrative regulation implementing the Lautenberg Amendment], that is, whether he was convicted of an offense that has, as an element, the use or attempted use of physical force (e.g., assault and battery), or the threatened use of a deadly weapon.
>
> [Id. at 518-19 (internal quotation marks omitted).]

Although reversing his removal, we remanded because his conviction might warrant other disciplinary action. Id. at 520.

The DOC then amended its PNDA, claiming Frazier was disqualified from possessing a firearm under the New Jersey analog to the Lautenberg Amendment, the 2004 amendment to N.J.S.A. 2C:39-7(b)(2), and the Civil Service Commission agreed, finding that he was prohibited under State law from carrying a firearm. We again reversed, determining that the last-minute

addition of the New Jersey law to the PNDA was procedurally improper. After the second reversal, the DOC served a new PNDA on Frazier, again alleging that he could not perform his job because the 2004 New Jersey law prohibited him from possessing or using a firearm due to a disorderly persons conviction involving domestic violence. It is this determination that we now affirm.

Our role in reviewing a final administrative agency decision is limited. In re Taylor, 158 N.J. 644, 656 (1999). We must defer to a final agency decision unless it is arbitrary, capricious, unsupported by substantial credible evidence in the record, or in violation of the express or implicit legislative policy. Id. at 656-57. We must determine whether an agency's findings could have been "'reached on sufficient credible evidence present in the record' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Id. at 656 (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). If we find sufficient credible evidence in the record to support the agency's conclusions, then we must affirm even if we would have reached a different result. Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1981). Despite high deference, we must set aside a decision if an independent review of the record

satisfies us that the finding was clearly mistaken or erroneous, L.M. v. Div. of Med. Assist. & Health Servs., 140 N.J. 480, 490 (1995).

I

Frazier argues that this most recent PNDA is barred by res judicata, collateral estoppel and the entire controversy doctrine. He also claims that the PNDA seeks to illegally impose an ex post facto penalty and also fails because the statute has an exemption for law enforcement officers while on duty. None of the issues raised by Frazier was raised in the administrative proceedings. Our Supreme Court has stated that appellate courts "will decline to consider questions or issues not properly presented to the trial [forum] when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial [forum] or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (internal citations omitted). Although raised on appeal for the first time, given the complicated procedural history and significant ramifications for Frazier and others, we will address these issues in the interest of justice.

Frazier claims that our 2011 decision gave finality to his claim that the DOC could not remove him based on N.J.S.A. 2C:39-

7(b)(2), asserting we determined in that opinion that the evidence presented failed to establish his conviction involved domestic violence. Although he raised that argument in his second appeal, we reversed based on a procedural defect. We stated that Frazier was "arrested as a result of an incident involving his girlfriend" and declined to address whether Frazier's conviction was one involving domestic violence. The principles of collateral estoppel and res judicata do not assist Frazier because neither we, nor any other court or agency, determined his conviction did not involve domestic violence. To the contrary, in his first appeal Frazier conceded the incident involved his "live-in girlfriend." Frazier, supra, 392 N.J. Super. at 518. Having conceded that fact in 2007 in this same litigation, he cannot now raise the issue as unproven.

## II

Frazier also argues that applying the 2004 amendment to a 1999 conviction violates the United States and New Jersey constitutional prohibitions against ex post facto laws. U.S. Const. art. 1, § 9, cl. 3; U.S. Const. art. 1 § 10, cl. 1; N.J. Const. art. IV, § 7, P 3; see Doe v. Portiz, 142 N.J. 1, 42-43 n.10 (1995) (explaining that New Jersey interprets its ex post facto clause consistent with federal law). For a criminal law to be ex post facto, it must: (1) be "retrospective" in

applying to events occurring before its enactment and (2) disadvantage "the offender affected by it." State v. Natale, 184 N.J. 458, 491 (2005) (internal citations and quotation marks omitted). N.J.S.A. 2C:39-7(b)(2), the applicable part of the "Certain Persons Not to Have Weapons" statute, states that a person "having been convicted" of a "disorderly persons offense involving domestic violence, whether armed or not armed . . . who purchases, owns, possesses or controls a firearm is guilty of a crime of the third degree."

The Eighth Circuit decided a similar ex post facto challenge to the Lautenberg Amendment. In United States v. Pfeifer, 371 F.3d 430, 436 (8th Cir. 2004), the court held that the Lautenberg Amendment's prohibition on gun ownership and possession was not applied ex post facto to a defendant in possession of a gun who had been convicted of a domestic violence misdemeanor prior to the passage of the amendment. The defendant was convicted of violating a South Dakota statute for attempting to "cause bodily injury" to his wife seventeen years before the Lautenberg Amendment's passage for using and possessing a firearm. Id. at 433-36. The court, relying on precedent from other federal circuits, held that the law is "not retroactive simply because it 'draws upon antecedent facts for its operation.'" Id. at 436. The reasoning in Pfeifer

upholding the defendant's conviction applies here as well. Frazier's disqualification because he is unable to legally use a firearm does not violate the Ex Post Facto Clause of the state or federal constitution.

## III

Frazier claims also that the DOC's fragmented litigation based on the "same identical, exact core facts" serves to bar the current proceeding. The entire controversy doctrine is codified in Rule 4:30A, which provides the "nonjoinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims . . . ." Our Supreme Court recognizes that the doctrine "encompasses a mandatory rule for the joinder of virtually all causes, claims and defenses related to a controversy between the parties engaged in litigation." Cogdell v. Hospital Ctr., 116 N.J. 7, 16 (1989). In determining whether a prior claim or a successive claim constitutes a controversy such that the successive claim should be barred, "the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions." DiTrolio v. Antiles, 142 N.J. 253, 267 (1995).

While the doctrine is broad, its "boundaries . . . are not limitless." Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142

N.J. 310, 323 (1995). The Court explained that the entire controversy doctrine does not bar "component claims that are unknown, unarisen, or unaccrued at the time of the original action." Ibid. Frazier's disqualification under New Jersey law from possessing a firearm did not arise until 2004 when N.J.S.A. 2C:39-7(b)(2) took effect. The DOC could not have joined this claim in its first 2001 PNDA because the New Jersey amendment did not yet exist. When the DOC attempted to amend the 2001 PNDA to include N.J.S.A. 2C:39-7(b)(2) as a reason for his removal in 2008, we held that such a modification was procedurally deficient because proper notice had not been given to Frazier. Although the DOC could have filed a new PNDA based on State law sooner, the delay in amending the PNDA does not constitute a violation of the entire controversy doctrine in these circumstances. As the Attorney General notes, for reasons of safety, a corrections officer must be able to legally possess a firearm to adequately perform his duties. Neither this requirement nor enforcement of the 2004 criminal statute can be waived by the DOC.

IV

Frazier argues in his final substantive argument that N.J.S.A. 2C:39-7(b)(2) contains an exemption codified in N.J.S.A. 2C:39-7(b)(3), which reads in pertinent part:

> A person whose firearm is seized pursuant to the "Prevention of the Domestic Violence Act of 1991," . . . (2C:25-17 et seq.) . . . who purchases, owns, possesses or controls a firearm is guilty of a crime of the third degree, except that the provisions of <u>this paragraph shall not apply to law enforcement officers</u> while actually on duty . . .

> [(Emphasis added).]

This provision does not apply to Frazier as he did not have a firearm seized pursuant to the Domestic Violence Act. <u>See</u> 2C:25-21(d). The Legislature did not exempt law enforcement officers from the provision of <u>N.J.S.A.</u> 2C:39-7(b)(2) that prohibits the possession of a firearm by anyone with a criminal conviction for a domestic violence offense. We must interpret statutes as they are written. <u>Hardy ex re. Dowdell v. Abdul-Matin</u>, 198 <u>N.J.</u> 95, 101 (2009) (stating that "the best indicators" of Legislative intent are the "plain words of the statute").

We recognize that the DOC should have litigated this matter more efficiently so that Frazier did not have to endure many years of litigation. We also understand that Frazier may well not have pleaded guilty in 1999 had he known the guilty plea would cost him his job years later. However, when enacting the 2004 amendment, the Legislature chose to expand the statute to prohibit possession of a firearm by any person, without exception, who was convicted at any time of a disorderly persons

10

offense involving domestic violence. Our decision gives force to that intent.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3099-11T3