**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1157-18T2

IN THE MATTER OF BERGEN
COUNTY SHERIFF'S OFFICE,

    Petitioner-Appellant/
    Cross-Respondent,

 and

POLICEMEN'S BENEVOLENT
ASSOCIATION LOCAL 49,

    Respondent-Respondent/
    Cross-Appellant.

_____

Argued November 13, 2019 – Decided December 26, 2019

Before Judges Fisher, Accurso and Gilson.

On appeal from the New Jersey Public Employment Relations Commission, Docket No. SN-2018-033.

Eric Martin Bernstein argued the cause for appellant/cross-respondent Bergen County Sheriff's Office (Eric M. Bernstein & Associates, LLC, attorneys; Eric Martin Bernstein, Brian M. Hak, Catherine M. Elston and Cathlene Y. Banker, on the briefs).

Michael A. Bukosky argued the cause for respondent/ cross-appellant Policemen's Benevolent Association Local 49 (Loccke, Correia & Bukosky, attorneys; Michael A. Bukosky, of counsel and on the brief).

Frank C. Kanther, Deputy General Counsel, argued the cause for respondent The New Jersey Public Employment Relations Commission (Christine Lucarelli, General Counsel, attorney; Frank C. Kanther, on the statement in lieu of brief).

PER CURIAM

This is the second time we address whether a collective bargaining agreement (CBA) requires an arbitrator to decide if Bergen County police officers are entitled to a retroactive pay increase because the County Police were integrated into the Bergen County Sheriff's Office (Sheriff's Office). In our first opinion, we held that the CBA delegated that question to an arbitrator. Bergen Cty. Sheriff's Office v. Police Benevolent Ass'n, Local 49, Nos. A-0485-16 and A-0486-16 (App. Div. Oct. 31, 2017). In this opinion, we hold that the Public Employment Relations Commission (PERC) properly denied the Sheriff's Office request to restrain arbitration.

The Sheriff's Office appeals from a September 27, 2018 final agency decision by PERC, which denied the Sheriff's Office request to restrain binding arbitration of a grievance filed by the Police Benevolent Association, Local 49 (PBA 49). PBA 49 cross-appeals from the portion of the PERC decision that

found that the Sheriff's Office had standing to file the scope petition. We reject the arguments put forward in the appeal and cross-appeal and affirm.

## I.

This appeal arises out of an ongoing dispute among the Sheriff's Office, Bergen County, and PBA 49 concerning the reorganization of the Bergen County Police Department. In our prior opinion, we detailed the history of that dispute and, therefore, in this opinion we only summarize that history.

Bergen County historically has had a police department and a sheriff's office. In January 2015, the Bergen County Executive, Sheriff, and Prosecutor entered into a Memorandum of Agreement that addressed the organization of the County Police Department (the 2015 MOA). The 2015 MOA stated that the Bergen County Police Department was to be realigned with the Sheriff's Office. The MOA went on to provide that the Bergen County Police Department would be a separate unit overseen by the Sheriff's Office and that there would be no changes required to any existing labor contracts. Shortly after the 2015 MOA was signed, the county freeholders adopted a resolution approving the 2015 MOA.

Before the 2015 MOA was implemented, the County and PBA 49 were parties to a CBA for several decades. PBA 49 represented the county police

A-1157-18T2

officers, except the chief and deputy chief. The basic terms of the CBA were agreed to in 2001, and the CBA has been extended and modified by agreements. The most recent relevant extension was executed in January 2014 (the 2014 CBA Extension). The 2014 CBA Extension addressed the salaries of county police officers and provided that those officers would receive certain salaries, but if the county police were "merged/consolidated" into the Sheriff's Office, then the officers would receive different salaries.

In February 2016, PBA 49 filed a grievance alleging that the county police had merged into the Sheriff's Office and, therefore, the officers were entitled to a retroactive salary increase under the 2014 CBA Extension. The chief of the Sheriff's Office denied the grievance. Thereafter, in accordance with the CBA, PBA 49 submitted a request to PERC for appointment of an arbitrator.

In response, the County and Sheriff's Office asked PERC to hold the arbitration in abeyance. PERC denied that request. The County and Sheriff's Office then filed a declaratory judgment action in the Law Division. The trial court denied the County and Sheriff's Office request for an injunction and dismissed the complaint for declaratory relief.

We affirmed that decision. Specifically, we held that the governing CBA required an arbitrator to decide if a merger or realignment had occurred and

4

whether the county police were entitled to a retroactive increase in salaries. Bergen Cty. Sheriff's Office, slip op. at 9, 13-14.

Thereafter, in February 2018, the Sheriff's Office filed a scope of negotiations petition with PERC seeking to restrain binding arbitration of the grievance filed by PBA 49. The Sheriff's Office argued that the provision covering the Bergen County police officers' salaries (Article VIII of the CBA) was not enforceable because it (1) infringed on managerial prerogatives, and (2) was an illegal parity clause.

PERC denied the Sheriff's Office petition in a written decision and order entered on September 27, 2018. Initially, PERC rejected a threshold argument made by PBA 49 that the Sheriff's Office was not authorized to file the scope petition. PERC found that, following the implementation of the 2015 MOA, the Sheriff's Office was the employer of the county police officers and, therefore, had the authority to file the scope petition.

Turning to the Sheriff's Office contentions, PERC found that the Sheriff's Office had failed to make any showing that the salary provision found in Article VIII would interfere with the managerial prerogatives of the Sheriff. PERC noted that the salary clause addressed compensation, and "it is well-settled that compensation is generally mandatorily negotiable." PERC then found that the

5

"Sheriff's Office had failed to provide any evidence demonstrating how compensating PBA members in accordance with Article VIII would constitute significant interference with its managerial prerogative to reorganize or would result in a significant financial burden."

PERC also rejected the Sheriff's Office argument that the CBA salary clause was an illegal parity clause. In that regard, PERC found that the "formula established by Article VIII uses a combination of salaries from agreements of other employers to determine salaries for PBA members. Article VIII does not automatically match salaries of PBA members to other Sheriff's Office employees, and, therefore, does not trigger the same concerns as an illegal parity clause."

## II.

As noted, the Sheriff's Office now appeals from PERC's decision and PBA 49 cross-appeals. The Sheriff's Office makes three arguments, contending that the salary clause in the CBA is unenforceable because it (1) significantly interferes with managerial prerogatives; (2) violates public policy; and (3) is an illegal parity clause. PBA 49 cross-appeals contending that PERC erred by determining that the Sheriff's Office had standing to file the scope petition.

6

We are not persuaded by any of the arguments presented on the appeal or cross-appeal. We initially address our scope of review. Thereafter we analyze the cross-appeal and appeal.

A.    Our Scope of Review

The scope of our review of a final agency determination by PERC is limited. City of Jersey City v. Jersey City Police Officers' Benevolent Ass'n, 154 N.J. 555, 567 (1998). "In the absence of constitutional concerns or countervailing expressions of legislative intent, we apply a deferential standard of review to determinations made by PERC." Ibid. (citing In re Hunterdon Cty. Bd. of Chosen Freeholders, 116 N.J. 322, 329 (1989)). When a party appeals a scope-of-negotiation determination, we will not reverse PERC's determination unless it was arbitrary, capricious, or unreasonable, the findings lacked support in the evidence, or there was a violation of PERC's legislative grant of authority. In re Herrmann, 192 N.J. 19, 27-28 (2007).

The Legislature has expressly authorized PERC to determine whether a "matter in dispute is within the scope of collective negotiations." N.J.S.A. 34:13A-5.4(d). Accordingly, we give appropriate deference to PERC's expertise in public sector employer-employee relations. In re Hunterdon Cty. Bd. of Chosen Freeholders, 116 N.J. at 328.

7

B.    PBA 49's Cross-Appeal

In determining that the Sheriff's Office had standing to file a scope petition, PERC reviewed the relevant facts and applied its existing precedent. We discern nothing arbitrary, capricious, or unreasonable in PERC's finding that the Sheriff's Office is now the employer of county police officers. Indeed, we note that the grievance filed by PBA 49 would not be ripe if the county police officers had not been merged or consolidated into the Sheriff's Office. In other words, PBA 49 cannot have it both ways; it cannot claim salary increases based on its members being merged into the Sheriff's Office, but also simultaneously claim that its members are not employees of the Sheriff's Office and are still employees of the county.

C.    The Sheriff's Office Appeal

We also discern nothing arbitrary, capricious, or unreasonable about PERC's denial of the Sheriff's Office petition to restrain arbitration. PERC found that the salary clause was a compensation clause. It also found that the Sheriff's Office had not made any showing that implementation of the salary clause would impinge on the Sheriff's Office managerial prerogatives. In that regard, PERC found that the merger or realignment had already taken place. Thus, the Sheriff's Office had executed its managerial prerogatives.

All of those factual findings are supported by substantial credible evidence in the record. Moreover, PERC's application of the well-established law concerning managerial prerogatives was also reasonable. See Local 195, IFPTE v. State, 88 N.J. 393, 404 (1982); Paterson Police PBA Local No. 1 v. City of Paterson, 87 N.J. 78, 92-93 (1981); Twp. of Franklin v. Franklin Twp. PBA Local 154, 424 N.J. Super. 369, 380-81 (App. Div. 2012).

The questions at issue now are whether there was a realignment or merger triggering the salary clause and, if so, what salary increases are due to the county police officers. Consistent with our prior opinion, PERC determined that those questions are to be answered by an arbitrator as called for in the governing CBA.

Similarly, we discern no abuse of discretion in PERC's rejection of the parity clause argument. PERC has long held that a clause is an illegal parity clause if it automatically bestows benefits to one bargaining unit based on future negotiations between the same employer and another bargaining unit. See In re City of Plainfield, PERC No. 78-87, 4 NJPER 255 (1978).

Here, Article VIII of the CBA has been in place since 2001. It originally referenced salaries of police officers in thirty other towns in Bergen County. The 2014 CBA Extension made certain provisions of the salary clause "no longer operative, unless the county police are merged/consolidated into the Bergen

County Sheriff's Office or disbanded." In that situation, the CBA states that the prior salary provisions "become retroactively operative effective January 1, 2014." Relying on its existing precedent, PERC found that the clause was not a parity clause because it did not automatically match salaries of the county police officers to other employees of the Sheriff's Office. That is a reasonable interpretation of the facts and applicable law. Consequently, we discern no basis to disturb PERC's determinations.

Before us, the Sheriff's Office also argues that enforcement of the salary clause in the CBA would violate public policy. In that regard, the Sheriff's office contends that the clause is an unlawful penalty clause and provides for a double recovery. The Sheriff's Office did not raise those arguments before PERC, and we decline to consider them now for the first time. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (holding that questions or issues not properly presented to a trial court or agency will not be considered on appeal unless they go to the jurisdiction of the court or concern matters of great public interest); In re Frazier, 435 N.J. Super. 1, 7 (App. Div. 2014).

Finally, we note that PBA 49 has been seeking to arbitrate this salary grievance since February 2016. The Sheriff's Office has filed a declaratory judgment action and various petitions to try to prevent that arbitration. As the

governing CBA gives PBA 49 the right to an arbitration, we trust that the parties will now proceed to and through the arbitration process without further delay.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1157-18T2